PER CURIAM:
Claimants brought this action for damage to their 2000 Chevrolet Silverado truck which occurred when Clinton Holcomb was traveling northbound on County Route 9 near Erbacon in Webster County and his vehicle struck numerous large rocks placed in the road by respondent to repair a hole. Respondent was responsible at all times herein for the maintenance of County Route 9. The Court is of the opinion to make an award in this claim for the reasons set forth below.
The incident giving rise to this claim occurred on August 24, 2001, at approximately 9:00 p.m. It was a clear, warm, dry, summer evening. It was just turning dark outside as Mr. Holcomb was traveling back home on County Route 9 between Erbacon and Little Birch in Webster County. He traveled this road almost every day and was familiar with it. He was traveling at approximately fifteen miles per hour in a forty mile per hour zone. As he was approximately two hundred to three hundred yards from his home, his vehicle suddenly struck a section of large rocks placed on the road earlier in the day by respondent. He stated that the rock was not there the last time he drove through this location. Once Mr. Holcomb got home, he noticed that his right rear tire was punctured, and he stated that he heard the air leaking out of the tire. Claimants used a spare tire for a few weeks until they were able to purchase a new one. Mr. Holcomb testified that he observed the location at issue the next day. He testified that respondent filled in a large hole in the road with extremely large rock which he estimated to be the size of a man’s fist and that the rock extended the full width of the road. He also testified that the rock fill extended approximately twenty-five yards in length. Mr. Holcomb also introduced a video tape of the location of this incident into evidence which corroborated his testimony regarding the size of the rocks, as well as the size and condition of the entire rock fill. Claimants submitted into evidence a repair bill in the amount of $ 111.30.
Claimants assert that respondent should have known that rock this size presented a hazardous condition to the traveling public and that smaller gravel should have and could have been used to fill in the holes in the road.
It is respondent’s position that it did the best job it could under the circumstances to repair holes in the road and that it had no reason to know that the rock it used presented any hazard to the traveling public.
Jimmy Collins was the County Maintenance Supervisor for respondent in Webster County at the time this incident occurred. His responsibilities include maintaining the highways in Webster County. Mr. Collins was responsible for maintaining County Route 9 at the location of this incident and he is familiar with the road at this location. He testified that County Route 9 is a two lane asphalt road and is considered a priority two road in terms of maintenance. A portion of the road is marked with lines but not at the location of this incident. He stated that there is a high volume of heavy coal trucks using this road and that they cause a great deal of “base failures” at several locations on the road. He stated that respondent does have a difficult time repairing holes and “base failures”on this road and that the rock used at the location of this incident was an attempt to make such a repair. He also testified that the rock used was a temporary fix. However, he admitted that respondent did not put enough “fine” rock in along with the rock used to fill this hole, and that this fill should have had more small gravel with it.
*265 It is a well established principle that the State is neither an insurer nor a guarantor of the safety of motorists on its roads and highways. Adkins v. Sims, 46 S.E.2d 811 (W.Va.1947). To hold respondent liable, claimant must establish by a preponderance of the evidence that respondent had actual or constructive notice of the road defect at issue and a reasonable amount of time to take corrective action. Chapman v. Dept. of Highways 16 Ct. Cl. 103 (1986); Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985).
In the present claim, the Court is of the opinion that respondent should have known that the rocks it used to fill the holes in the road were too large for vehicles to travel over, and that such large rocks pose a high risk of puncturing tires. The evidence clearly established that respondent should have used smaller gravel to fill this hole in the road and that there was no reason for not doing so. While the Court is aware that coal trucks have caused a great deal of damage to the road at issue, and that respondent was attempting to repair some of this damage, it is of the opinion that respondent was negligent in using large rock to do so. Thus, the Court is of the opinion that respondent is liable for the damage to claimants’ vehicle in this claim.
Accordingly, the Court makes an award to the claimants in the amount of $111.30.
Award of $111.30.